|108  321|
|117  551|

THE CHICAGO, SANTA FE & CALIFORNIA RAILWAY
COMPANY, *Appellant*, v. ELLIOTT *et al.*

### DIVISION ONE.

**Railroad:** CONDEMNATION PROCEEDING: ASSESSMENT OF DAMAGES: JURY. Either party in a proceeding to condemn property for a railroad right of way is entitled to have the damages assessed by the commissioners reassessed by a jury.

*Appeal from Ray Circuit Court.*— HON. J. M. SANDUSKY, Judge.

REVERSED AND REMANDED.

*Gardiner Lathrop* and *C. T. Garner, Sr., & Son* for appellant.

(1) The plaintiff was entitled to have the report of the commissioners set aside, and a jury trial ordered as a constitutional right. Const., art. 12, sec. 4; *Railroad v. Almeroth*, 13 Mo. App. 91; *Railroad v. Story*, 96 Mo. 611; *Pusey's Appeal*, 83 Pa. St. 67; *Turnpike Co. v. Burket*, 26 Ind. 53; *Isom v. Railroad*, 36 Miss. 200; *Stewart v. Baltimore*, 7 Md. 500; *Kimball v. Railroad*, 35 Mo. 255; *People v. McRoberts*, 62 Ill. 38; *Mitchell v. Railroad*, 68 Ill. 286; *People v. Stewart*, 97 Ill. 123; *Railroad v. Hock*, 118 Ill. 587. (2) The plaintiff did no act, whereby he waived a trial by jury. *Railroad v. Story*, 96 Mo. 611. (3) When the commissioners have erred in the principles upon which they made their appraisal, the report should be set aside. *Railroad v. Campbell*, 62 Mo. 585; *Railroad v. Brickett*, 62 Ill. 332; *Railroad v. Story*, 96 Mo. 611. (4) Where the entire lot or tract of land is taken, the measure of damages is the cash market

Schroeder v. The C. &. A. Ry. Co.

value of the entire lot or tract, irrespective of the prospective value by reason of the improvement. *Patterson v. Boom Co.*, 3 Dillon, 465 ; 31 Minn. 300 ; Mills on Em. Domain, sec. 174 ; *Bridge Co. v. Ring,* 58 Mo. 491 ; *Railroad v. Chrystal,* 25 Mo. 545.

*J. L. Farris* for respondents.

BLACK, J.—This was a proceeding to condemn property for a railroad right of way. Commissioners were duly appointed to assess damages. To their report the company filed exceptions contending, among other things, that the damages were excessive and praying for a reassessment by a jury. After hearing much evidence the court overruled the exceptions, and, hence, this appeal.

We have held on several occasions that in proceedings like this either party is entitled, as a matter of constitutional right, to have the damages reassessed by a jury. The court should have awarded a jury upon demand made therefor without further showing. *Railroad v. Miller*, 106 Mo. 458, and cases cited.

The judgment is, therefore, reversed and the cause remanded. All concur.