The Chicago, Santa Fe & California Railway Company, *Appellant*, v. Elliott.

Division One, November 6, 1893.

1. **Practice**: EVIDENCE: INSTRUCTIONS. Where evidence affording a basis for an instruction is offered and on objection excluded, but no exception is saved to the exclusion of the evidence, an instruction founded thereon is rightly refused.

2. ———: ———: EXCEPTIONS: APPEAL. Rulings on testimony are not reviewable on appeal where exceptions are not saved in the trial court.

3. **Railroad**: CONDEMNATION PROCEEDINGS: COSTS. In railway condemnation proceedings, the cost subsequent to the commissioners' report are taxable at the discretion of the court.

4. ———: ———: SEVERAL OWNERS: DAMAGES. Where all the damages for the condemnation of a piece of land are awarded to one of several owners (defendants), the plaintiff company is in no position to complain that the other owners were awarded nothing; as to the company such error is harmless.

*Appeal from Ray Circuit Court.*—Hon. J. M. Sandusky, Judge.

Affirmed.

*Gardiner Lathrop, C. T. Garner, Sr.,* and *S. W. Moore* for appellant.

(1) The commissioners having determined that these defendants were each equally entitled to a one-sixth

interest in the award, it was error for the court to render judgment in favor of defendant, Anderson Elliott, for the full value of the lots as found by the jury. Revised Statutes, 1889, sec. 2736; Lewis on Eminent Domain, sec. 515. (2) Where valuable improvements are made upon the property by the condemning corporation, prior to condemnation proceedings, the land owner is not entitled to have the value of such improvements assessed in his favor; and in this case the defendants are not entitled to have assessed to them the increased value of the lots occasioned by the grading done by the railroad company prior to the condemnation proceedings. Lewis on Eminent Domain, 507; *Jones v. Railroad*, 70 Ala. 227; *Railroad v. Armstrong*, 46 Cal. 85; *Railroad v. Goodwin*, 111 Ill. 273; *Daniels v. Railroad*, 41 Iowa, 52; *Railroad v. Dunlap*, 47 Mich. 456; *Greve v. Railroad*, 26 Minn. 66; *Railroad v. Dickson*, 63 Miss. 380; *Burgess v. Clark*, 13 Ired. Law, 109; *Railroad v. Mosier*, 14 Ore. 519; *Justice v. Railroad*, 87 Penn. St. 28; *Lyon v. Railroad*, 42 Wis. 538. The court erred in refusing to give instruction numbered 3. Mills on Eminent Domain, sec. 174; *Harris v. Railroad*, 21 Atlantic Rep. 590; *Railroad v. Adams*, 51 Am. & Eng. R. R. Cas. p. 544; *Newgass v. Railroad*, 15 Southwestern Rep. 188; *Railroad v. Taylor*, 24 Pac. Rep. 1027; *Railroad v. Adams*, 10 Southern Rep. 465; *Railroad v. Coleman*, 28 Pac. Rep. 518. (4) Where, as here, the amount awarded by the commissioners is reduced upon a jury trial after exceptions filed by the plaintiff, all costs after the filing and copying of the report of the commissioners should be paid by the land owner. Revised Statutes, 1889, sec. 2739.

*J. L. Farris* for respondent.

BARCLAY, J.—This is a proceeding to subject to public use for railway purposes a tract of land in the

town of Camden, Ray county. It was in this court once before (108 Mo. 321), and has since been retried before Judge SANDUSKY and the jury with the result of an award of damages in the sum of $225 in favor of defendant. Plaintiff has appealed.

The petition on which the action was begun alleged that six named parties were owners of the property. They were all duly notified, and, in the report of the commissioners which followed, each was found to be entitled to an equal share of the damages, which were then assessed at $300.

The plaintiff excepted to the report and demanded a jury trial, which was finally had, after the appeal already mentioned.

At the trial evidence was heard as to the value of the land, and at its close the court gave these instructions for the plaintiff, viz.:

"1. The jury are instructed by the court, at the instance of the plaintiff, that they will allow only such damages as the defendant actually sustained by reason of the appropriation of said lots of ground in contro- versy by plaintiff, and that the said damages cannot be based upon any speculative or fanciful value, but must be based upon the actual market value of said lots at the time they were appropriated by plaintiff.

"2. The jury are instructed that they will not take into consideration the amount of damages assessed by the commissioners in their report, but will estimate their damages alone upon the law and evidence sub- mitted to them in the trial of this cause."

No other instructions were given; but the follow- ing asked by plaintiff the court refused, viz.:

"3. The jury are further instructed that the jury, in estimating damages, will not take into consideration any increase in the value of said lots occasioned by the location of plaintiff's railroad or depot building upon

said lots, but the same should be deduced from the value of said lots in assessing the damages in this cause.''

The jury found for "the defendant" and assessed the damages at $225. Judgment was then rendered in favor of Anderson Elliott for that sum, and the costs were adjudged against the railway company.

1. Plaintiff on this appeal objects to the refusal of the request for instruction 3. It, in effect, required the jury to disregard any increase of value in said lots caused by acts of the railway company toward improving the land prior to the commencement of the proceedings for condemnation. Whatever may be regarded as the true rule on this subject, it is enough for the present to say that in this case there is a serious obstacle to its consideration.

The plaintiff gave no evidence of any such assumed increase of value. The court upon objections excluded all evidence to that point when plaintiff attempted to introduce it, and to those rulings no exception was taken. The refusal of the instruction, therefore, was not error, because there was at the time no proof before the court on which the instruction could be predicated; and the exclusion of the proof tendered is not now reviewable, because not excepted to in the trial court. These principles of our procedure are too well established by former adjudications to require discussion at this day.

2. It is next urged that, as the damages awarded by the jury were less than the amount found by the commissioners, the circuit court should have taxed the costs (after the filing of the commissioner's report) against defendants. But to this contention the statute answers that the cost of such proceedings as are subsequent to the commissioner's report shall be adjudged in the discretion of the court. Revised Statutes, 1889,

·sec. 2739.   No abuse of that discretion can be charged, from the mere fact that the jury found the value of the property to be $75 less than that estimated by the commissioners.

3. Further, it is objected that it was error for the court to adjudge the damages to Anderson Elliott alone, when the commissioners had found each of the six defendants entitled to one-sixth thereof.

But the plaintiff, having brought all the owners into court, cannot be said to be injuriously affected by such an error, if it be one.   It is only concerned in the adjustment of the compensation due for the property taken, leaving the apportionment of the shares thereof to those who may lay claim thereto.   Anderson Elliott possibly may have acquired the full title pending the proceedings.   If his codefendants did not complain of the award of the entire damages to him, the plaintiff has no standing to complain for them.   If there is error in the judgment in that particular, it certainly is not an error to the prejudice of the substantial rights of the plaintiff upon the merits of the controversy as to the value of the property.   *Railroad v. Baker* (1891), 102 Mo. 553; Revised Statutes, 1889, secs. 2100, 2303.

The judgment is affirmed.   BLACK, C. J., BRACE and MACFARLANE, JJ., concur.