BUTLER COUNTY RAILROAD COMPANY, a
  Corporation, plaintiff, v. W. N. BARRON, De-
  fendant—Respondent, JOSEPH MURPHY and
  SARAH MURPHY, Defendants—Appellants.

Springfield Court of Appeals, July 28, 1913.

1. CONDEMNATION: Railroad Right of Way: Parties Defendant.
   In a suit for condemnation of land, under Sec. 3067, R. S. 1909,
   where there are several rival claimants to ownership of same,
   all should be made parties defendant.

2. ———: Rival Claimants of Ownership: Commissioners' Assess-
   ment of Damages. Where there are rival claimants to land
   sought to be condemned for a railroad right of way, the com-
   missioners in assessing the damages should assess same in a
   lump sum, leaving it to the court to determine the ownership
   and apportion the damages awarded among the rival claimants.

3. APPEAL AND ERROR: Exceptions Not Saved: Matters Out-
   side of Bill of Exceptions. Sec. 2362, R. S. 1909, requires
   plaintiff in a condemnation proceeding to pay into court the
   damages awarded by the commissioners. Where there were
   rival claimants, those whose claims were denied cannot com-
   plain because the court overruled their motion to require the
   sum assessed by the commissioners to be paid into court,
   where no exception was taken to such action by the trial court
   and the motion and court's ruling thereon are not preserved
   by bill of exceptions.

4. CONDEMNATION: Damages Assessed: Payment into Court:
   When Waived. In a suit for condemnation of land for a rail-
   road right of way, where there were rival claimants of owner-
   ship, defendant appellants did not object to the court hearing
   and determining the respective rights of the parties without
   the fund assessed as damages by the commissioners being in
   actual custody of the court, as provided by Sec. 2362, R. S.
   1909. On the contrary the parties voluntarily interpleaded with
   each other and each asked the court to award him the fund.
   Held, that appellants cannot complain that the interests of the
   parties were determined before the fund was paid into court.

Appeal from Butler County Circuit Court.—*Hon.*
            *J. C. Sheppard*, Judge.

AFFIRMED.

*S. L. Clark* and *L. M. Henson* for appellants.

(1)   On a bill of interpleader there arises two litigations and there must be a judgment in favor of plaintiff before an issue can be framed between the claimants of the fund in controversy.   Duke, Lennon & Co. v. Duke & Woods, 93 Mo. App. 244.   (2)   The judgment on the interpleas shows on its face that the fund in controversy had not been paid into court at the time the judgment was rendered, therefore the court had no jurisdiction of the subject-matter; the judgment should be reversed and the parties placed *in statu quo*.   Arn v. Arn, 81 Mo. App. 140; Boyer v. Hamilton, 21 Mo. Mo. App. 525.   The plaintiff in a bill of interpleader should be disinterested and indifferent as to the claims of defendants.   Pemeroy's Equity Jurisprudence (3 Ed.), sec. 1325.

*Louis F. Dinning* for respondent.

(1)   There is no question involved in this appeal, except as to the ownership of the damages awarded by the commissioners for the right of way.   Cox v. Barker, 150 Mo. 424; Price v. Blankenship, 144 Mo. 203; Hilton v. City of St. Louis, 99 Mo. 199, 129 Mo. 389; Corrigan v. Morris, 97 Mo. 174; Bailey v. Winn, 113 Mo. 155; Bradley v. Ins. Co., 147 Mo. 634.   (2)   No bill of exceptions was filed in this case, no objections or exceptions were filed by appellants to the commissioners' report, hence the title to the right of way has vested in the railroad company.   (3)   Sec. 2362, R. S. 1909, provides upon failure to pay the assessment aforesaid, the court may upon motion and notice by the party entitled to such damages, enforce the payment for the same by execution.   Appellants had no right to an execution for the money in question because the ownership thereof was in dispute, nor did they have any right to file the motion asking the court to order the Railroad Co. to pay damages assessed by the com-

missioners to the clerk of the court.   (4)   Appellants
voluntarily filed their answer or interplea and went to
trial.   They and respondent Barron submitted their
respective claims to this fund and introduced their
evidence and the court determined and adjudged that
said fund belonged to respondent Barron.

STURGIS, J.—This is a suit for condemnation
of land for a railroad right of way over a tract of land
in Butler county, Missouri, under the provisions of
section 3067, *et seq.*, Revised Statutes 1909.   The de-
fendants are rival claimants to the ownership of this
land and of the damages assessed for the right of way
over the same.   The original petition for condemnation
made defendant-respondent, Barron, and defendant-
appellant, Joseph Murphy, and one Horton defendants,
alleging that they jointly claimed to own said land.
During the course of procedure herein and prior to the
appointment of commissioners to assess damages, the
defendant-appellant, Sarah Murphy, was with her
consent and entry of appearance, made a defendant
as claiming an interest in the land.   The commis-
sioners made report assessing $100 as "damages to the
owner's, to-wit, William N. Barron, M. C. Horton or
Joseph Murphy, the true owner thereof to be declared
and decreed by the court upon the trial of this cause,
for said strip taken."   This occured at the September
term, 1911, of said court.   No exceptions were taken
or filed to the report of the commissioners and such
report has presumably been confirmed.   At the same
term of court defendants, Barron and Horton, filed a
motion in the nature of an interplea alleging that they
are the sole owners of the legal and equitable title to
the land in question, and that appellants Joseph and
Sarah Murphy have no right, title or interest in the
same, and asking the court to order the payment to
them of the damages assessed, to-wit, $100, for the
right of way over the land in question.   This motion

Railroad v. Barron.

or interplea seems to have been continued to the next term of court. At the January term, 1912, of said court, the appellant Joseph Murphy filed a motion for an order requiring the plaintiff to pay into court the amount of such award of damages; which motion the court overruled and gave such defendant leave to answer or plead at the next term of court. No objection was made or exception taken to the action of the court in overruling this motion. At the next March term, 1912, of that court, the appellants Joseph and Sarah Murphy filed their motion in the nature of an interplea claiming to be the owners in fee of the land in question and to be entitled to the damages assessed for the railroad right of way over the same and asking a judgment for such $100. The court heard these motions or interpleas together, without objection of any kind, and made a finding that W. N. Barron is the owner of said land and that appellants Joseph and Sarah Murphy have no right, title or interest in such land or the damages assessed, and ordered that the damages assessed be paid to W. N. Barron. It is from this order that defendants Joseph and Sarah Murphy have appealed to this court.

No bill of exceptions was filed and we have no means of knowing what evidence was heard by the court on these interpleas nor have we any means of determining the merits of the respective titles of the defendants. The court seemed to have pursued the proper course in making or permitting all the parties claiming any interest in this land to be made parties defendant. The commissioners in assessing the damages to this tract of land properly assessed the same in a lump sum, leaving it to the court to determine the ownership and apportion the damages awarded among the rival defendants. Chicago Railway Co. v. Elliott, 117 Mo. 549, 553, 24 S. W. 53, where the court said: "It (the plaintiff railroad) is only concerned in the adjustment of the compensation due for the property

taken, leaving the apportionment of the shares thereof to those who may claim thereto." [See also Holmes v. Kansas City, 209 Mo. 513, 528, 108 S. W. 9.] This, however, is really *obiter dicta*, as the appellants did not save any exceptions and are not now making any complaint with reference to the action of the court or commissioners in assessing damages.

The appellant, Joseph Murphy, is in no position, even if injured thereby, to complain of the action of the trial court in overruling his motion to require the plaintiff to pay the damages awarded into court. The court's action in this respect is not before us for review, but the court may have overruled said motion on the ground that this was not the method provided by section 2362, Revised Statute 1909, to compel the payment into court of damages awarded by the commissioners. As before noted no exceptions were taken by appellants to the trial court's action in overruling this motion, nor is the motion or the court's ruling thereon preserved by bill of exceptions for review in this court. [Ecton v. K. C. O. & S. Railway Company, 56 Mo. App. 337; Bateson v. Clark, 37 Mo. 31, 34; Danforth v. Lindell Railway Co., 123 Mo. 196, 27 S. W. 715; Abbott v. Gillum, 146 Mo. 176, 47 S. W. 1067.]

It must be taken here that such action of the court was fully acquiesced in by the appellants; and such seems to be the fact, for appellants obtained leave to and did at the next term of court file an interplea for this fund, which action the respondent had already taken. Both these interpleas were prosecuted by the respective parties to a final decision thereon. The merits of that decision are not presented here for review.

The only other complaint made by appellants is that the trial court could not properly try the interplea without having the fund interplead for paid into court and actually in its custody, free from any claim

or control of plaintiff.    In support of this contention the appellants rely on Arn v. Arn, 81 Mo. App. 133, 140, and Boyer v. Hamilton, 21 Mo. App. 520, 525; to which might be added Greene v. Davis, 118 Mo. App. 636, 643, 96 S. W. 318.    There would be some force in this contention provided the plaintiff was seeking to compel the rival parties defendant to interplead for this fund.    This, however, is not an ordinary interplea case where the plaintiff invites or compels the rival claimants to assert and litigate their respective claims to a fund voluntarily and for plaintiff's benefit paid into court.    Plaintiff was not seeking any such relief and the defendants were already in court.    Section 2362, Revised Statute 1909, makes it compulsory on the plaintiff in a condemnation proceeding to pay the amount assessed as damages to the clerk of the court for the party in whose favor such damage was assessed; and further provides that on notice by the party entitled to same such payment may be enforced by execution.    In this case the defendant-appellants and defendant-respondent voluntarily interpleaded with each other and each asked the court to determine their respective rights in, and to award to them, this fund.    The appellants did not, so far as this record shows, make any objection to the court hearing and determining this matter without the fund being in actual custody of the court, but on the contrary invited the court so to do.    Appellants cannot, even if the action of the court was wrong, which we do not decide, be heard to complain of the court doing the very thing they by their motion and conduct invited the court to do.

It results that the judgment will be affirmed.    All concur.