STATE of Missouri ex rel. Virgil E. FARRIS et al., Plaintiffs-Appellants,

v.

Raymond V. CLIFFORD, Circuit Clerk, St. Louis County Circuit Court, Defendant-Respondent.

No. 37646.

Missouri Court of Appeals, St. Louis District, Division One.

Nov. 2, 1976.

Carter & Becker, John J. Allan, Clayton, for plaintiffs-appellants.

Robert H. Grant, Clayton, for defendant-respondent.

WEIER, Presiding Judge.

When the defendant landowners in a condemnation case brought in St. Louis County by the City of St. Ann proffered their exceptions to the commissioners' report, defendant Raymond V. Clifford, as clerk of the St. Louis County Circuit Court, refused to accept the exceptions for filing until the condemnees posted a $71.00 filing fee for each exception as a deposit for the cost of litigation. The condemnees thereupon instituted this suit in the circuit court seeking a writ of mandamus to compel the circuit clerk to file the exceptions without the payment of the $71.00 filing fee. It is from a quashing of the alternative writ that they bring this appeal.

Rule 86 sets out the procedure to be followed in all condemnation proceedings with the exception of charter cities where special provisions are to the contrary. The condemnation suit is instituted by the filing of a petition described in Rule 86.04. After service has been obtained under Rule 86.05, a hearing is held and upon a determination that the allegations in the petition are substantiated by the evidence, three commissioners are appointed to assess the damages. After the report of the commissioners has been filed a notice is given to the con-

demnees and any party, either the condemnor or the condemnees may file written exceptions to the commissioners' report within ten days after the service or posting of this notice.

Rule 3.A of the Circuit Court of St. Louis County provides:

"At the time of the institution of any case or proceeding the person instituting the same shall pay to and deposit with the Circuit Clerk the following cash deposit for costs: * * * (3) The sum of $71.00 in all civil jury cases * * *."

It is the contention of the circuit clerk that the filing of the exceptions to the report of the commissioners is the "institution of any case or proceeding" under circuit court rule 3.A because these exceptions are tried separately, and in each instance the issue of damages is tried to a jury, or, if the jury be waived, to the court. Rule 86.08. He thus reasons that in each instance where a condemnee files exceptions, a separate advancement of costs of $71.00 should be posted before the exception is allowed to be filed in his office.

■ The condemnees, on the other hand, contend that the trial of the issue of damages is not a separate suit so as to cause the filing of the exceptions to the commissioners' report to be within the definition of "institution of any case or proceeding" under the provisions of circuit court rule 3.A, *supra.*

We agree with the condemnees. The word "institute", according to Black's Law Dictionary, Fourth Edition, means: "To inaugurate or commence; * * * To set up, to originate, to introduce." Here, the condemnees do not commence a new action when they file exceptions. This is an ancillary proceeding to determine by trial to a jury or the court the issue of damages. Unlike the filing of a suit, it is not the filing of a written statement of facts upon which a case is rested. The adverse parties are not brought in by summons or by getting them to enter their voluntary appearance. Pleadings may not be amended to better present issues for legal determina-

tion. Cf. *Miller v. Farmers' Exchange Bank of Gallatin,* 228 Mo.App. 367, 67 S.W.2d 528, 532[1] (1934). The trial on the exceptions is an inquiry as to damages only and in effect allows either condemnor or the condemnee the right to have a jury determination made as to the amount of money due the owner of the property taken by the condemnor.

Defendant circuit clerk contends that Rule 86.09 supports his position in requiring payment of a filing fee for each exception in a condemnation case. This rule provides that the costs of the condemnation proceeding shall be paid by the condemnor up to and including the filing and copying of the report of the commissioners. It further provides that the court, as to any costs made by subsequent litigation, may make such order as in its discretion may be deemed just. All that we can read into the rule is that it allows the trial court to assess costs in the trial of the exceptions in the exercise of a reasonable discretion. Under a similar section of the statutes, § 523.070, RSMo. 1969, it has been decided that even though the verdict of the jury awarded a lesser amount to the condemnee than the award of the commissioners, the court in the exercise of its discretion could tax costs against condemnor which had accrued subsequent to the report of the commissioners. *Texas Empire Pipe Line Co. v. Stewart,* 35 S.W.2d 627, 634[26] (Mo.App.1931), reversed on other grounds, *Texas Empire Pipe Line Co. v. Stewart,* 331 Mo. 525, 55 S.W.2d 283 (banc 1932); *City of Cape Girardeau v. Hunze,* 314 Mo. 438, 284 S.W. 471, 482[18] (1926); *Chicago S. F. & C. Ry. Co. v. Elliott,* 117 Mo. 549, 24 S.W. 53, 54 (1893).

Exceptions to the report of the commissioners in a condemnation proceeding cannot be considered the institution of a suit or proceeding so as to bring it within the terms of rule 3.A of the circuit court of St. Louis County. Rule 86.09 merely requires that the initial costs in a condemnation proceeding be paid by the condemnor and subsequent costs after the filing of exceptions may be assessed by the court in the exercise of its discretion. The judg-

ment below is therefore reversed and remanded with instructions to make the alternative writ of mandamus peremptory.

DOWD and CLEMENS, JJ., concur.