| 102 | 553 |
| 106 | 569 |

| 102 | 553 |
| 110 | 163 |
| 50a | 484 |

| 102 | 553 |
| 117 | 147 |
| 117 | 553 |

| 102 | 553 |
| 124 | 137 |

| 102 | 553 |
| 160 | 412 |

THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, *Appellant*, v. BAKER *et al.*

DIVISION ONE.

1. **Railroad:** CONDEMNATION PROCEEDING: PLEADING: DAMAGES. No pleadings are required on the part of the defendant in a railroad condemnation proceeding, and he can recover full damages for appropriating his land without specially pleading the same.

2. ——— : ——— : DAMAGES. Evidence is admissible in such case on defendant's behalf to show that his pasture land was located on one side of the railroad and his tillable land on the other side, so that it would be necessary for defendant to drive his stock backward and forward over the track.

3. ——— : ——— : ———. The damages allowed the land-owner are such as are done to the body of his land as a whole.

4. ——— : ——— : ———. Such damages are not limited to the minor government subdivisions over which the road may pass, and the company cannot avoid payment of damages done the owner's entire farm by selecting out and describing in its petition the forty-acre tracts through which the road is located.

5. ——— : ——— : ———. The defendant owner may object to the entire assessment of damages by the commissioners including those separately assessed in favor of other defendants who were mortgagees.

6. ——— : ——— : MORTGAGEES. While the mortgagees are entitled to have the damages awarded by the jury applied to the payment of their debts or might have demanded a separate assessment of damages as to lands embraced in the deeds of trust, yet the railroad cannot complain of the fact that the jury awarded the entire damages to the mortgage owner.

7. ——— : ——— : DAMAGES : CROSSINGS AND FENCES. The value of the owner's entire tract with the railroad location on it is to be estimated on the basis that the company will erect and maintain farm crossings as required by statute, and it is error to charge the jury not to ·consider any advantage arising from the erection of fences and farm crossings by the company.

*Appeal from Grundy Circuit Court.* — HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

*George Hall* for appellant.

(·1) The plaintiff is required by law to fence its road, and erect farm crossings for the benefits of defendants. *Berry v. Railroad*, 65 Mo. 172 ; *Peddicord v. Railroad*, 85 Mo. 160. And the same must be taken into consideration in estimating damages and benefits. R. S. 1889, sec. 2611 ; *Railroad v. Waldron*, 11 Minn. 515 ; 88 Am. Dec. 100, note ; *Railroad v. Grough*, 29 Kan. 94 ; *Butt County v. Boydston*, 64 Col. 110 ; Mills on Em. Dom., secs. 151, 152, 153 ; *Commissioners v. O'Sullivan*, 17 Kansas, 58 ; *Railroad v. Pardow*, 5 Rich. 428 ; *Symonds v. Cincinnati*, 45 Am. Dec. 529, and note ; *Whitman's Ex'rs v. Railroad*, 33 Am. Dec. 411 ; *Railroad v. Wachter*, 5 Am. State Rep. 532 ; 3 Suth. Damages, pp. 444, 445 ; *Railroad v. Abell*, 18 Mo. App. 632. (2) In assessing damages done to defendant's land by the appropriation of the strip for plaintiff's road, the advantages or benefits which are ·peculiar to that tract of land as well as the damages or disadvantages must be taken into consideration, and, where the benefits equal the damages, defendant is not entitled to any damages. *Crowles v. Smith*, 78 Mo. 32 ; *Railroad v. Ridge*, 57 Mo. 599 ; *Railroad v. Waldo*, 70 Mo. 629 ; *Jackson County v. Waldo*, 85 Mo. 637 ; *Welsh v. Railroad*, 19 Mo. App. 127. (3) The difference in the value of defendant's land before taking any part of it for a right of way for plaintiff's road, and the value

of the part left, after the completion of the road as affected by it, is the fair measure of damages to defendants resulting from the appropriation. *Welsh v. Railroad*, 19 Mo. App. 127; *Railroad v. Tyler*, 36 Ark. 205; *Railroad v. Allen*, 41 Ark. 431; *Railroad v. Kirby*, 44 Ark. 103; *Everhart v. Railroad*, 70 Ill. 347; *Bloomington v. Miller*, 84 Ill. 621; *Dupois v. Railroad*, 115 Ill. 97; *Sidener v. Essex*, 22 Ind. 201; *Rennick v. Railroad*, 49 Iowa, 664; *Ham v. Railroad*, 61 Iowa, 716; *Dwight v. Commissioners*, 11 Cush. 201; *Railroad v. Henry*, 8 Nev. 165; *Railroad v. Braham*, 79 Pa. St. 447; *Cummings v. Williamsport*, 84 Pa. St. 473; *Railroad v. Bertly*, 88 Pa. St. 178; *Railroad v. Getz*, 113 Pa. St. 214. ( 4 ) The defendants holding the deeds of trust were owners with Baker of the land sought to be condemned. The term "owner," as used in section 2734, Revised Statutes, 1889, includes every person having an interest in the real estate, capable of being damnified by the location and construction of plaintiff's railroad over the same. *Sherwood v. City*, 58 Am. Rep. 414; *Parks v. City*, 15 Pick. 198, 203; *Ellis v. Welch*, 6 Mass. 246; *Gimbel v. Stolte*, 59 Ind. 446; *Railroad v. Thompson*, 10 Md. 76; *White v. Rittenmyer*, 30 Iowa, 268; *Chateau v. Thompson*, 2 Ohio St. 144. ( 5 ) The owner of a limited interest in property taken for public use is entitled to compensation to the extent of that interest. *Ex parte Jennings*, 16 Amer. Dec. 447; *Sherwood v. City*, 109 Ind. 411; 58 Am. Rep. 414; *Severin v. Cate*, 38 Iowa, 463; R. S. of 1889, sec. 2734; *Biddle v. Hussman*, 23 Mo. 597; 3 Sutherland on Damages, p. 447; *Parks v. Boston*, 15 Pick. 198; *Lawrence v. Boston*, 119 Mass. 126; *Breed v. Railroad*, 5 Gray, 470; *Platt v. Bright*, 29 N. J. Eq. 128. ( 6 ) Defendant Baker and the parties holding the deeds of trust on the different parts of the land sought to be condemned, owning separate interests therein, and plaintiff having acquired the interests of the parties holding the deeds of trust, Baker was not entitled to the damages

done to the interest of the owners of the deeds of trust, and the court erred in refusing to give plaintiff's sixth instruction; for the division of ownership cannot operate to subject plaintiff to the payment of greater damages than if Baker had a perfect title to the land. 3 Sutherland on Damages, 447; *Burt v. Wigglesworth*, 117 Mass. 302; *Burt v. Ins. Co.*, 115 Mass. 1; *Edmunds v. Boston*, 108 Mass. 535; Mills on Em. Dom., sec. 65. (7) The defendants holding the deeds of trust on the different parts of Baker's lands are the owners and have the legal title to the parts included in the respective deeds; the notes for which the deeds were given to secure being due they could maintain ejectment therefor. *Walcott v. McKinney*, 10 Mo. 229; *Meyer v. Campbell*, 12 Mo. 603; *Sutton v. Mason*, 38 Mo. 129; *Hubbell v. Vaughn*, 42 Mo. 138; *Reddick v. Gressmon*, 49 Mo. 389. The damages assessed is due and payable to the parties holding the deeds of trust, and not to Bakers, and they were not entitled to judgments for the same. Mills on Em. Dom., sec. 74; *Bank v. Roberts*, 44 N. Y. 192; *Aston v. Hoyt*, 5 Wend. 603. (8) Owing to the several conflicting interests of different parties as stated in the petition appearing of record in the lands in possession of defendants, the Bakers, the commissioners filed separate reports in each case and made assessments of damages, defendants filed but one exception, the court set aside all the reports, and, in the assessment by the jury, there was but one finding and one assessment and that to the Bakers alone, when there should have been separate assessments and findings as to each by the jury. R. S. 1889, sec. 2736; *Moony v. Kennett*, 19 Mo. 551; *Pitts v. Fagote*, 41 Mo. 405; *State v. Dulle*, 45 Mo. 269; *St. Louis v. Allen*, 53 Mo. 44; *Bricker v. Railroad*, 83 Mo. 391. (9) There were no pleadings in this case to warrant the introduction of the evidence offered by defendants as to the damages done to the land not taken; the same was not alleged and could not be proven, and the court erred

in overruling plaintiff's objection to the introduction of defendants' testimony and in admitting the same, in that behalf. *State to use v. Blackman*, 51 Mo. 319; *Burkholder v. Rudrow*, 19 Mo. App. 60; *Smith v. McCranthy*, 11 Mo. 517; *Givens v. Van Studdiford*, 86 Mo. 149.

*R. A. DeBolt* for respondents.

(1) The law of this state requires that all railroads located therein shall erect and maintain lawful fences on the sides of its road; and erect and maintain all necessary farm crossings. R. S. 1889, sec. 2611. Where, as in this state, the statute requires railroads to fence and erect crossings, the advantages or costs of such fences and crossings cannot be taken into consideration in estimating the damages to which the defendant may be entitled for the right of way, or the location of the plaintiff's road over his land. *Railroad v. Abell*, 18 Mo. App. 632; *Jones v. Railroad*, 68 Ill. 380–382; *Railroad v. Waldron*, 11 Minn. 515; 88 Am. Dec. 100, 103, 104; Mills on Em. Dom., sec. 212. A different rule perhaps prevails in states where there is no statute requiring railroads to fence their roads. *Symonds v. Cincinnati*, 45 Am. Dec., note on pp. 535, 536; *Railroad v. Waldron*, 88 Am. Dec. 100, 103, 104. (2) The damages to be considered in right-of-way cases are such as are occasioned to the whole tract of land by reason of the road running through it, and the benefits are such as the land derives from the location of the road through it as are not common to the other lands in the same neighborhood. *Railroad v. Ridge*, 57 Mo. 599–601; *Railroad v. Walds*, 70 Mo. 629–631; *Combs v. Smith*, 78 Mo. 32; *Railroad v. Chrystal*, 25 Mo. 544; *Lee v. Railroad*, 53 Mo. 178; *Railroad v. Calkins*, 90 Mo. 538, 544, 545; *Railroad v. Story*, 96 Mo. 611-622. (3) The damages were not required to be specially pleaded, *Railroad v. Calkins*, 90 Mo. 538; *Bridge Co. v. Ring*,

58 Mo. 491. ( 4 ) The statute and proceedings for the condemnation of private property for public use should be liberally construed in favor of those whose rights are to be affected. *Bridge Co. v. Ring*, 58 Mo. 494. ( 5 ) Until entry by a mortgagee for condition broken, or until foreclosure, the mortgagor continues the owner of the land and has a right to lease, sell, and in every respect to deal, with the mortgaged premises as owner, so long as he remains in possession. *Kennett v. Plummer*, 28 Mo. 142; *Woods v. Hilderbrand*, 46 Mo. 284; *Pease v. Pilot Knob*, 49 Mo. 124 ; *Knight v. Railroad*, 70 Mo. 238; *Ambrose v. Gapen*, 22 Mo. App. 401 ; *Salmon v. Fewell*, 17 Mo. App. 122 ; *White v. Rittenger*, 30 Iowa, 271, and citations. ( 6 ) Where mortgaged property has been condemned for public purposes, the mortgagee is entitled to be paid out of the money allowed the mortgagor as damages. *Astor v. Hoyt*, 5 Wendell, 603 ; *In re John and Cherry Streets*, 19 Wendell, 650 ; *Gimbel v. Stolte*, 59 Ind. 453 ; *Ball v. Green*, 90 Ind. 76 ; *Brown v. Stewart*, 1 Mich. 87 ; 1 Jones on Mortgages, sec. 708 ; *Bank v. Roberts*, 44 N. Y. 192 ; *Farnsworth v. Boston*, 126 Mass. 1 ; Mills on Em. Dom., secs. 74, 76 ; *Watkins v. Railroad*, 47 N. Y. 157. The amount awarded as damages includes all interests in the land, and, if in any special case the mortgagor ought not to receive the fund, the court will, at the instance of the mortgagee, take charge of its proper distribution. Mills on Em. Dom., sec. 76 ; *Crane v. City*, 36 N. J. Eq. 339. ( 7 ) The award when paid in represents the fee, and should be distributed according to the ownership of the land. *Matter of Railroad*, 60 N. Y. 116 ; *Ross v. Adams*, 28 N. J. L. 160 ; Mills on Em. Dom., sec. 76.

BLACK, J.—This was a proceeding commenced by the plaintiff corporation to condemn a right of way over seven forty-acre tracts of land owned by defendant, Dudley Baker. The defendants, Cook and Moberly, hold a debt secured by a deed of trust upon part of the

land, and defendant Lightner holds a debt secured by a deed of trust upon another part. The commissioners appointed to assess damages made two reports, thus assessing separately the damages to the lands covered by the deeds of trust. These reports, on exceptions thereto filed by Baker, were set aside, and the damages were reassessed by a jury at $341, and the plaintiff appealed.

1.   The plaintiff objected to the evidence showing that the pasture land was located on one side of the railroad and the tillable land on the other side ; making it necessary for the defendant to drive his stock back and forth across the railroad, because such damages were special and were not specially pleaded.

When the court set aside the report of the commissioners, the case came on for trial before the jury on the plaintiff's petition. The case was not tried by the jury on the exceptions filed by Baker, but on the defendant's petition for the assessment of damages. On that petition the plaintiff was entitled to full damages. No pleadings were made or required to be made on the part of the defendant. The objection to the evidence was, therefore, properly overruled.

2.   The defendant's farm contains five hundred and ninety acres all in one body, and the road runs diagonally through it, passing over the seven forty-acre tracts described in the plaintiff's petition. The damages to be allowed in cases like this, where the railroad appropriates a part of a body of land, are such as the landowner suffers to the body of land taken as a whole. The damages are not confined to the small government subdivisions over which the road may pass ; and the corporation exercising the right of eminent domain cannot avoid the payment of the damages done to the entire farm by selecting out and describing in its petition the forty-acre tracts through which the road may be located. *The Springfield & Southern Ry. Co. v. Calkins*, 90 Mo.

538; *The Kansas City C. & S. Ry. Co. v. Story*, 96 Mo. 611.

3. A further contention is that plaintiff had acquired all the interest of the mortgagees in the land, and, as the mortgage debts remained unpaid, no damages should have been awarded to Baker. Instructions to this effect were asked by plaintiff, which were refused. The proposition seems to be based upon the notion that the commissioners' reports, which in terms allowed damages to the mortgagees, remained undisturbed. This is a misconception of the record. The exceptions to the report were filed by Baker only, it is true; but he had a right to object to the entire assessment of damages made by the commissioners, and he did so object, and his objections were sustained. It then became necessary to make an entire new assessment as to all parties in interest in these lands. The reports of the commissioners having been set aside, the plaintiff acquired the interest of no one by virtue of those reports.

4. The mortgagees are no doubt entitled to have the damages awarded by the jury applied to the pay ment of the mortgage debts, and they can still have that done. They might have demanded a separate assessment of damages as to the lands embraced in each deed of trust, but they made no such request, and they are not here making any complaint. The fact that the jury awarded the damages in one sum to defendant Baker is a matter of which the plaintiff has no right to complain. The mortgagees may waive their right to the money, if they see fit so to do, or they can still have their rights adjusted. The land-owner is entitled to full damages, and the question as to the distribution of the money between the mortgagees is a question which does not concern the plaintiff.

5. With the exception hereafter noticed, the instructions given on both sides are in accord with the

prior rulings of this court in the following cases: *Quincy, Missouri & Pacific Ry. Co. v. Ridge*, 57 Mo. 599; *The Wyandotte, K. C. & N. Ry. Co. v. Waldo*, 70 Mo. 629; *Combs v. Smith*, 78 Mo. 32; *Jackson County v. Waldo*, 85 Mo. 637.

Objection, however, is made to this instruction given at the request of the defendant:

"3. In estimating the damages to the land in controversy, by reason of the location of the railroad through it, the jury will not take into consideration any advantage arising from the erection of fences on either side of the road by the plaintiff nor any advantage which may arise from the putting in or making surface crossings and gates on said farm."

The land-owner should be allowed the difference in value of his whole tract of land before and after the location of the railroad over and across the same. And in applying this rule the jury should consider in favor of the owner, not only the amount and value of the land actually appropriated, but they should also take into consideration the inconveniences which will arise in going from one portion of his land to another, the grade at which the road is constructed, and the shape in which the land not taken is left. On the other hand the jury in reaching a conclusion should consider in favor of the defendant those benefits, if any, which are immediate and direct to the tract, arising from the construction of the road; but benefits which are common to other lands in the same vicinity should be excluded. If the railroad company is not required by law to fence its right of way, then the additional fencing rendered necessary to the reasonable use and enjoyment of the land not taken is a matter to be considered by the jury in favor of the land-owner. Lewis on Em. Dom., sec. 498; Mills on Em. Dom., sec. 212. The same principle applies in respect of farm crossings, where the company is not required to make and maintain them.

VOL. 102—36

But by our statute it is made the duty of the railroad company to erect and maintain fences on the sides of its road, and to make and maintain all necessary farm crossings. Should the company after three months from the completion of the road fail to make and maintain such fences and crossings. the land-owner may do the work himself, and the statute gives to him a cause of action against the company for the cost of the work, and for his time and trouble in doing it. As this duty of making and maintaining fences and farm crossings is imposed upon the company, and as a specific remedy is given by statute for a failure to perform that duty, it is clear that building fences along the sides of the road and making farm crossings do not constitute any part of the damages to be awarded the land-owner. 3 Sutherland on Dam. 444; *Jones v. Railroad*, 68 Ill. 380; *The Winona & St. Peter Ry. Co. v. Waldron*, 11 Minn. 515. In the case before us the company complied with the statute in respect of fences and farm crossings. Any loss, inconvenience or damage resulting to defendant from a failure to make and maintain fences and farm crossings, after the expiration of the three months, should not be taken into account as augmenting the damages to be awarded. But it was the duty of the jury to take into. consideration the fact that the company was bound to erect and maintain such fences and crossings, and they should estimate their damages on the supposition that the company would perform its duty in these respects. In the case last cited it was held that, where the railroad company is required by statute to construct such fences, the damages for taking the land should be assessed upon the basis of the construction of such fences by the company, in accordance with the statutory requisition.

The instruction in question excludes from the consideration of the jury any advantage arising from the erection of fences and the making of the farm crossings, and it was error to give it. We do not say that the

cost of building fences and making farm crossings should be estimated and the estimated amount deducted from the damages ; for it is not true as counsel for the plaintiff seem to suppose that these fences are built for the sole benefit of the land-owner.

What we say is.this, that in estimating the value of the entire tract of land with the railroad located over and across it, the estimate should be made on the basis that it is the duty of the company, and not the land-owner, to erect and maintain fences and farm crossings. It must be apparent to anyone that the damages will not be as great where the company makes and maintains fences and crossings as where that duty falls upon the land-owner.

The evidence of the sixty odd witnesses is conflicting. Indeed, the value of the fifteen acres of land taken is estimated all the way from $5 to $25 per acre ; so that we cannot say the error in giving the instruction was a harmless one.

The judgment is, therefore, reversed and the cause remanded. All concur.