UNION ELECTRIC LIGHT & POWER COMPANY, A CORPORATION, APPELLANT, v. MARGARET DAWSON, FYRN DAWSON, ETHEL DAWSON WALLEN, WHITE B. WALLEN, JOHN W. DAWSON, LETA DAWSON, IVA DAWSON STEVENS AND ROY STEVENS, RESPONDENTS.——S. W. (2d) ——.

Springfield Court of Appeals. December 24, 1934.

*Sebree, Sebree & Shook, Edgar Shook* and *R. E. Draper* for appellant.

*Henry F. Lay* and *F. M. Brady* for respondents.

SMITH, J.—There seems to be not much controversy over the facts in this case. As provided by Rule 22 of this court the parties have submitted this case to us under an agreed statement of the cause of action. We shall refer to and set out such parts of the agreed statement as we may deem necessary in the determination of this cause.

The parties concede that the only question at issue here is whether or not the trial court erred in entering a several judgment of $340 against each of the five defendants named in the judgment, instead of entering a joint judgment against the five defendants for $1700.

The plaintiff concedes here that the judgment entered was properly against the defendants, Margaret Dawson, Fyrn Dawson, Ethel Dawson Wallen, John W. Dawson and Iva Dawson Stevens. That no money judgment was sought or rendered against the other three defendants named in the caption. The other three defendants were spouses of three of the five persons first named above, and that the other three are in nowise interested in this controversy. In this opinion if we refer to the defendants it may be understood to refer to the five interested parties and not to the spouses.

The agreed statement of the cause of action has been printed in full in lieu of the abstract of the record.

This agreed statement showed the following:

"It is further stipulated and agreed that the following is a true statement of the history of this cause:

"PROCEEDINGS LEADING UP TO JURY TRIAL.

"This action for the condemnation of certain land in Benton County, Missouri, was begun in the circuit court of that county by the filing under order of said court of plaintiff's petition in condemnation in which the following allegations, among others, were made:

"'That defendant, Margaret Dawson, is the widow, and defendants, Fyrn Dawson, Ethel Dawson Wallen, John W. Dawson and Iva Dawson Stevens are the heirs at law of Eugene Dawson, deceased; and are, as such widow and heirs, the owners of an absolute fee-simple estate in the lands hereinafter described and sought to be condemned and appropriated in this proceedings and that they claim such lands as tenants in common; plaintiff further states that he is unable to ascertain and set forth the several and different interests claimed by said parties.'

"It was further alleged in substance that the defendants, White B. Wallen, Roy Stevens and Leta Dawson were, respectively, the spouses

of the defendants, Ethel Dawson Wallen, Iva Dawson Stevens and John W. Dawson, and as such were entitled to dower inchoate in certain shares in said real estate.

"Summonses were duly issued and served on each of the defendants and the court entered an order and judgment adjudging plaintiff's petition sufficient, condemning the property and appropriating the same to plaintiff for the public uses set out in the petition and appointing commissioners in condemnation. The commissioners made oath and in due course filed their report assessing at $3,500 the damages of the defendants for the appropriation of said land but not allocating to the respective defendants their individual damages. The plaintiff on January 5, 1931, duly excepted to the report of the commissioners but paid said sum of $3,500 into court. No application was made for an order for the distribution of said sum but the court on January 31, 1931, made an order of distribution which was as follows (omitting the caption):

" 'Now it appearing to the court that the plaintiff has paid to the clerk of this court the sum of $3,500 for the use and benefit of the defendants in the above-entitled cause, and it further appearing to the court that Margaret Dawson, Fyrn Dawson, minor, Ethel Dawson Wallen, John W. Dawson and Iva Dawson Stevens are the owners in fee of the land described in the petition of condemnation, it is therefore ordered by the court that the clerk pay the said sum of $3,500 to the following named defendants, Margaret Dawson, Margaret Dawson, guardian of Fyrn Dawson, a minor, Ethel Dawson Wallen, John W. Dawson and Iva Dawson Stevens.'

"The clerk of said court thereafter drew his check for $3,500 payable jointly to all five of the defendants named in said order of distribution, for which check said defendants executed their joint receipt. Said check was taken by said defendants to the Osage Valley Bank in Warsaw, Missouri, and there endorsed by them. It was agreed by the said defendants that Margaret Dawson should as between them take a child's share in lieu of dower and the proceeds were divided into five parts of $700 each, one of which parts was paid to each of said five defendants with the exception that $700, being the share of the defendant, Fyrn Dawson, who was then a minor, was deposited to the credit of Margaret Dawson as guardian of Fyrn Dawson. Prior to the time of trial hereinafter mentioned Fyrn Dawson attained her majority.

"At no time prior to such distribution of said $3,500 did any of the defendants file any pleading in this cause or in any other manner (except among themselves) assert any particular interest in the land in question. The defendant, Margaret Dawson, has never since her husband's death in 1920 filed her election to take a child's share in his estate as provided by law, and there is nothing of record in Benton County, Missouri, evidencing or giving notice of an agreement between

herself and any of the heirs of her deceased husband that she should take a child's share therein.

## "CHANGE OF VENUE AND TRIAL

"Application for change of venue having been filed by plaintiff, this cause was ordered transferred to the Circuit Court of Hickory County, and in due course there was tried in that court during the regular April Term, 1934, thereof, before a jury the question of the damages of the defendants for the condemnation and appropriation of said land. On the 8th day of May, 1934, the jury returned the following verdict:

" 'We, the jury, find the issues for the defendants and assess their damages at the sum of $1.800. (Signed by nine jurors.)'

## "MOTION FOR JUDGMENT

"Following the return of said verdict and on the 9th day of May, 1934, and during the same term, plaintiff filed its motion for judgment agreeable to the form of judgment attached to said motion, which motion with the form of judgment thereto attached (omitting captions and signatures), were as follows:"

We deem it unnecessary here to set out the copy of the proposed judgment attached to the motion but it contained provisions for a joint judgment for $1700.

The history of the cause as submitted to us continues as follows:

"Thereupon the parties submitted an agreed statement of fact, which was as follows, omitting the caption:

"The parties, for the purpose of enabling the court to pass on the motion for judgment filed in this cause, hereby agree to the following statement of facts:

"First: The title to the land in controversy was vested in Margaret Dawson who was the owner of a dower interest therein, and elected to take a child's share of one-fifth, and Fyrn Dawson, Ethel Wallen, John W. Dawson and Iva Stevens were each the owner of an undivided one-fourth of such land subject to the dower interest aforesaid; and said interests were derived from Eugene Dawson, deceased, whose widow and only children they were; that Fyrn Dawson was at the time a minor under the age of twenty-one; that on the first day of January, 1931, the plaintiff paid to the clerk of the Circuit Court of Benton County, Missouri, the sum of $3,500, being the sum awarded to said defendants as damages for the appropriation of the real estate by the plaintiff; that thereafter on the 31st day of January, 1931, the clerk of said court drew his check for $3,500 payable to all of said defendants; that it was agreed by the defendants that Margaret Dawson should, as between them, take a child's share in lieu of dower; that said check was taken by said defendants to the Osage Valley Bank and there endorsed by them and the proceeds thereof divided into five parts of $700 each, one of which was paid to each of said five defendants.

"The records of said bank show that $700 belonging to Fyrn Dawson was deposited to the credit of Margaret Dawson as guardian of Fyrn Dawson. Fyrn Dawson, at the time of the jury trial in this court, had reached the age of twenty-one years.

"After argument upon said motion, and on the 21st day of May, 1934, and during the same term of court, plaintiff's said motion for judgment was overruled by the court, to which action of the court in overruling said motion for judgment as prayed, the plaintiff by its counsel then and there objected and excepted and still objects and excepts.

## "JUDGMENT

"On the same day the court entered judgment in favor of plaintiff and against the defendants, Margaret Dawson, Fyrn Dawson, Ethel Dawson Wallen, John W. Dawson and Iva Dawson Stevens severally and as a several liability of each in the sum of $340 together with interest which judgment (omitting caption was as follows):"

We deem it unnecessary to set out in full the judgment as rendered by the trial court.

Motion for new trial was filed and overruled, and the case is before us under four assignments of error. The first three refer directly to one complaint, that of error on the part of the trial court in not entering a joint judgment, and we shall consider the three assignments together. The fourth is that the court erred in overruling the motion for new trial.

The appellant contends and the respondent agrees, that this is a case of first impression in this State and that this case must be decided upon general principles of law which are applicable thereto. Neither side has cited us a single case where the particular point at issue here has been directly passed upon, nor have we found a case directly in point.

Article 2, Chapter 7, of the Revised Statutes of Missouri, 1929, makes provisions for condemnations of land for purposes such as in this case. We might look to the provisions of the statutes under Article 2 and get some idea whether there is a joint or several liability involved when the case gets to the point that this one has reached.

Section 1340, Revised Statutes Missouri, 1929, provides, among other things, that the petition shall contain "a description of the real estate or other property, which the company seeks to acquire, the names of the *owners thereof;* . . . and praying the appointment of three disinterested freeholders, as commissioners, or a jury, to assess the damages which such owners may *severally sustain.*" Section 1342 of the statutes in making provisions for the appointment of commissioners and their duties, uses some particular words in connection therewith, viz., "To assess the damages which the owners may *severally sustain,* . . . and should more than one owner be included in the petition, then the damages *allowed each shall be stated*

*separately,* together with a specific description of the property for which such damages are assessed, . . . and thereupon such company shall pay to said clerk the amount thus assessed, *for the party in whose favor such damages have been assessed."* Section 1343, Revised Statutes Missouri, 1929, provides that any number of owners may be joined in one petition, but the damages to each *shall be separately* assessed by the same commissioners. (Italics ours.)

We are using the language in these statutes to show that the several interests of the several parties are mentioned throughout. There is not the slightest doubt but that the plaintiff had a right to agree with any one of the owners as to his or her interest, or had the right to proceed in court against any one of them without joining others. We think it is just as true that the plaintiff had a right to join all the parties to this tract of land in one petition, setting out definitely their several interests therein, and having their damages separately assessed as provided under section 1343, supra. The nature of the right of action of the defendants for restitution is not changed by plaintiff's alleging that it does not know the interest of the several parties, or did not know all of the parties.

In this case the parties were known, and their interests were known. These parties and their interests were set out in the petition. We think the plaintiff had a right to ask that these several interests be set out separately and to ask that the damages be separately determined. The fact that it filed a petition and had the land condemned as one tract and stood by and saw the damages fixed in a lump sum, does not necessarily mean that this is a joint transaction under the particular wording of our statutes. We cannot reach the conclusion that the plaintiff could by bringing in the several owners, make one lump transaction of the whole matter, and say to the court, by this act, that here is the money for these several claimants, you take it and have your clerk hold it as a lump sum, and then you or someone determine who is entitled to it, and after it has been determined, and after it is ascertained that too much money has been deposited to then say, that a joint judgment should be entered against all the parties for the return of the money. This is especially true since our statutes provided that the "damages to each shall be separately assessed by the same commissioners." And this is true because under our statutes the condemnor could have had the damages separately assessed if it had so sought.

We are not unmindful of the two cases cited by the plaintiff, Chicago, M. & St. P. Ry. Co. v. Baker, 102 Mo. 553, 15 S. W. 64 and Chicago Ry. Co. v. Elliott, 117 Mo. 549, 24 S. W. 53, to the effect that the condemnor is not concerned with the apportionment of the shares. We think that is true under facts such as shown in those and other cases. But the case before us, under entirely different facts, shows that the condemnor might be vitally interested. We think

our statutes are sufficiently definite, if followed, to remove any question such as is in this case.

We must hold that a condemnation proceeding is a several action although different owners are named in the same proceedings, and that the motion for restitution is a part of the proceeding; and that the judgment for return of the money is a part of the action.

Our Supreme Court has recently held that when the condemnor pays the award into court, the payment divests the former of title, and that if exceptions are filed to the award, the question of damages is all that is left in the case, and the outcome of that issue does not affect the decree of condemnation. [State ex rel. Union Electric Light & Power Co. v. Bruce, 66 S. W. (2d) 847, and cases there cited.]

The agreed statement of facts submitted to the trial court, when this judgment on the motion was sought, contains these words: "First: The title to the land in controversy was vested in Margaret Dawson who was the owner of a dower interest therein, and elected to take a child's share of one-fifth, etc." The plaintiff contends that this statement has reference to the agreement the parties had when they cashed their check and divided the money.

We think it is not material here as to just what the widow was entitled to by right of her dower interest. The real question is whether or not a joint judgment should have been entered instead of the several judgments.

Without extending this opinion further, we think under our statutes and the facts before us, the trial court did not err in rendering the judgment in this case. And that there was no error in overruling plaintiff's motion for new trial.

The judgment is affirmed. *Allen, P. J.,* and *Bailey, J.,* concur.