STATE of Missouri ex rel. MISSOURI WA-
TER COMPANY, a Corporation,
Appellant,

v.

Kenneth V. BOSTIAN, Mary Bostian, and
The Atchison, Topeka and Santa Fe
Railway Company, Respondents.

No. 44753.

Supreme Court of Missouri.

En Banc.

June 13, 1955.

Rehearing Denied July 11, 1955.

J. Marcus Kirtley, Rufus Burrus, Independence, Gerald K. Presberg, St. Louis, Carter, Bull & Baer, St. Louis, of counsel, for relator-appellant.

Byron A. Stewart, Independence, Lathrop, Righter, Blackwell & Parker, Richard S. Righter, William M. Stapleton, Kansas City, for respondents Kenneth V. Bostian and Mary Bostian.

John H. Lathrop, Sam D. Parker, Henry W. Fox, Kansas City, for respondent Atchison, T. & S. F. R. Co.

DALTON, Acting Chief Justice.

Action to condemn certain specifically described real estate in Jackson County for specifically stated purposes. · Respondents filed motions to dismiss relator's first amended petition, which motions were sustained, and the petition dismissed with prejudice. The Missouri Water Company, a corporation, designating itself as plaintiff and relator, appealed to the Kansas City Court of Appeals. That court affirmed the judgment of dismissal. State ex rel. Missouri Water Co. v. Bostian, Mo.App., 272 S.W.2d 857. On motion of appellant the cause has been ordered transferred to this court and we shall determine the cause as on original appeal. Art. V, § 10, Constitution of Missouri 1945; Supreme Court Rule 2.06, 42 V.A.M.S.

The first amended petition is, in part, as follows:

"Comes now the State of Missouri, at the relation of the use of (sic) Missouri Water Company, a corporation, and for its cause of action herein, alleges and avers as follows:

"1. That the Relator herein, Missouri Water Company, is a corporation, organized and existing under the laws of Missouri, and engaged in the business of producing, purifying, treating and distributing water to inhabitants of the City of Independence, Jackson County, Missouri, and to other inhabitants and customers in the area adjacent to said City of Independence, Missouri. That it is a public utility and is subject to the lawful orders and control of the Missouri Public Service Commission. That its principal office is located at 123 West Kansas, Independence, Missouri. That the Relator specifically possesses the power of eminent domain under Sections 393.010 to Sections 393.100 RSMo 1949, V.A.M.S., inclusive.

"2. That Relator has planned and is now ready to produce, treat and distribute water to its customers from subterranean streams through wells. Relator states that it is necessary for the production, treatment and distribution of water to its customers, and to adequately and economically supply the demand of its customers, that Relator take, acquire, hold, use and enjoy the ownership and legal title and immediate possession thereof to the real estate hereinafter de-

scribed. That said lands will be used for the purpose of taking water from the earth beneath the lands and from underground streams, and to erect dams and levees thereon and to lay and construct pipes and mains for the conveyance of water in, over and through said lands and in, over and through the lands situated between the source of water supply and the point of delivery of said water, and to acquire sufficient lands upon which to build works for the pumping, storage, distribution and management of water.

"3. Relator states that the lands which are being condemned lie within Jackson County, Missouri; that said lands, properties or interest, ownership of, or legal rights in which are, or may be, claimed and asserted by defendants Kenneth V. Bostian, Mary Bostian * * * and Atchison, Topeka & Santa Fe Railroad, a corporation, are as follows, to wit: * * *."

Following the specific description of the property sought to be condemned, the petition contains other allegations including the following:

"5. That Relator has been unable to agree with the defendants herein, upon the proper compensation to be paid for said lands as above described, although Relator has in good faith endeavored so to do.

"6. That the lands which Relator seeks to condemn by this proceeding are for public use and are described in paragraph three of this petition. * * *."

Each of the motions to dismiss, as filed by defendants-respondents, contained an assignment that relator's first amended petition "fails to state a claim upon which relief can be granted," as well as other objections and grounds.

The order of dismissal with prejudice recites that "the Court finds that said First Amended Petition fails to state a claim upon which relief can be granted because said Petition shows on its face that plaintiff and relator do not have the right or power to maintain condemnation proceedings against the defendants under and pursuant to Section 393.030 RSMo 1949, V.A.M.S., *because said Petition shows that plaintiff is not seeking to acquire by condemnation lands upon which to build works for the pumping, storage, distribution and management of water to be taken from a stream that is not navigable,* and, therefore, this Court does not have jurisdiction to grant the relief sought under the allegations of the First Amended Petition." (Italics ours.)

Appellant contends the trial court erred in holding that the first amended petition fails to state a claim upon which relief can be granted under the provisions of Section 393.-030 RSMo 1949, V.A.M.S., that the circuit court's decision emasculates and renders meaningless the provisions of the statute; that it will be presumed the Legislature did not enact an absurd law, but intended a reasonable construction permitting beneficial results; and that Section 393.030, supra, grants broad powers to condemn land for the purposes stated therein, regardless of the source of the water.

Section 393.030 is as follows:

"1. *Any corporation,* company or individual *proposing to supply with water any city,* town or village *shall have the right* to take water from any stream that is not navigable, and to erect a dam thereon and *to lay pipes for the conveyance of water in, over or through any lands situated between the source of water supply and the point of delivery of said water, and to acquire by condemnation sufficient lands upon which to build works for the pumping, storage, distribution and management of water,* upon complying with the proceedings herein provided for.

"2. In case any such corporation, company or individual cannot agree with the owners of such water *or lands sought to be obtained,* or right of way, upon compensation to be paid, or in case the owner is incapable of contracting, be unknown, or be a nonresident of this state, such corporation, company or individual may apply to the circuit court of the county where said land or any

part thereof lies, or the judge thereof in vacation, by petition, stating what is desired." (Italics ours.)

Respondents insist that the court properly dismissed the amended petition on the ground stated because appellant does not have and, under Section 393.030, supra, appellant has not been granted the power to condemn land *"for the purpose of obtaining a source of underground water."* Respondents contend that statutes conferring the power of eminent domain must be strictly construed against the condemnor and in favor of the landowner; and that, when the statute is so construed and applied, the petition fails to state a claim upon which relief can be granted.

Respondents argue that appellant wants the land of the respondents "as a site for wells"; that "nowhere in Section 393.030 is a water company given the power to acquire land for the purpose of obtaining a source of underground water"; that no other source of water, other than "from any stream that is not navigable," is mentioned anywhere in the statute; that "the provision concerning non-navigable streams is the only mention made in the statute of a source of water supply"; that, "in applying the rule of strict construction of eminent domain statutes, the courts have held that the power can be exercised only for the exact purpose for which it was granted"; that "the express reference to a non-navigable stream as a source of water supply, and the failure of the statute to mention, by even the remotest implication, a power to acquire land to obtain any other source of supply, completely negatives the existence of any such power"; that to consider the several provisions of Section 393.030 as independent grants of power is to destroy by construction the orderly sequence set forth in the statute; that, "if Section 393.030 had been intended to confer the right to condemn land for the purposes of drilling wells and obtaining subsurface water, Section 393.050 would have authorized the commissioners to ascertain the value of such water sources"; that "the statute gives neither the power to condemn land for the drilling of wells, nor the power

to assess damages for the taking of such land"; and that "we are not here concerned with a water company which has a source of water supply, and is seeking to condemn the land solely for the construction of a distribution system, or for the building of works for the pumping, storage and management of water."

Statutes granting the right of eminent domain are to be strictly construed. The rule is well settled in this state. The right is not to be implied or inferred from vague or doubtful language but must be clearly given in express terms or by necessary implication. State ex rel. Cranfill v. Smith, 330 Mo. 252, 257, 48 S.W.2d 891, 893, 81 A.L.R. 1066; Southwest Missouri Light Co. v. Scheurich, 174 Mo. 235, 241, 73 S.W. 496, 497; Houck v. Little River Drainage Dist., 343 Mo. 28, 37, 119 S.W.2d 826, 831; 18 Am.Jur., Eminent Domain, Sec. 26, p. 650. In applying the rule, statutes granting the power to take private property for public use are strictly construed against those who seek to avail themselves of the benefit of such statutes and the power is not to be extended beyond the plain provisions of the statute relied upon. Schmidt v. Densmore, 42 Mo. 225, 234. On the other hand, "while eminent domain statutes are to be strictly construed so far as the power to condemn is concerned, yet they are not to be construed so as to defeat the evident purpose of the Legislature." State ex rel. Siegel v. Grimm, 314 Mo. 242, 284 S.W. 490, 493; 29 C.J.S., Eminent Domain, § 22, p. 806. Further, the doctrine of strict construction does not exclude a reasonable and sound construction of the statute under consideration. Kansas City Interurban R. Co. v. Davis, 197 Mo. 669, 676, 95 S.W. 881.

From the quoted portions of the first amended petition it appears that the petition alleges that the Missouri Water Company is a Missouri corporation engaged in the business of producing, purifying, treating and distributing water to the inhabitants of the City of Independence, Missouri; that the corporation is a public utility subject to the lawful order and control of the Public Service Commission of Missouri; and that it is

necessary for the corporation to acquire the lands described in order to adequately and economically supply its customers with water. It is apparent from these allegations that the corporation seeks to bring itself within and that it has brought itself within the express provisions of Section 393.030, supra, as being a corporation "proposing to supply with water any city, town or village". The fact that the petition further states that the corporation has been supplying and proposes to continue to supply water to other inhabitants and customers resident in the area adjacent to said city does not in our opinion add to or detract from the allegation that the company is a corporation and that it does propose to supply a city with water and, particularly, the inhabitants of the City of Independence, Missouri. While the petition alleges that the corporation is distributing and proposes to continue distributing water *to the inhabitants* of the City of Independence, rather than to the city in its corporate or proprietary capacity, we must and do hold that these allegations are a sufficient statement of the fact that the corporation does propose "to supply with water" the City of Independence.

■ Considering the language of the statute further, it appears in plain and unambiguous language that such corporation "shall have the right" (1) to take water from any stream that is not navigable, and (2) to erect a dam thereon, and (3) to lay pipes for the conveyance of water in, over and through any lands situated between the source of water supply and the point of delivery of said water, and (4) to acquire by condemnation sufficient lands upon which to build works for the pumping, storage, distribution and management of water, upon complying with the proceedings provided for. We have numbered the several portions of the section for reference purposes.

The amended petition, as indicated, specifically alleges: "That said lands will be used * * * to erect dams and levees thereon and to lay and construct pipes and mains for the conveyance of water in, over and through said lands and in, over and through the lands situated between the source of water supply and the point of delivery of said water, and to acquire sufficient lands upon which to build works for the pumping, storage, distribution and management of water." These allegations conform to the portions of the statute which we have numbered (2), (3), and (4), but respondents insist that no right has been granted by the section to any corporation that proposes to supply any city with water, *unless the source of such water is a stream that is not navigable.* They contend that the portions of the section which we have numbered (2), (3), and (4) are dependent grants of power and have no application unless the source of the water to be furnished to the city is a stream that is not navigable. Respondents seek to construe the statute as if it read, "Any corporation * * * proposing to supply any city with water *from any non-navigable stream* shall have the right * * *." The statute is not so written. The source of the water which the corporation proposes to furnish is not specified, nor in any manner limited by the statute. The subsequent grant of authority "to take water from any stream that is not navigable" is not a limitation upon the word "water" as previously appearing in the statute. We find no basis in the language of the section or in any subsequent section which limits the power and authority granted under the subsequent portions of the statute to only such corporations as propose to furnish water from non-navigable streams. The statute does not *limit* the corporation's right of condemnation to that of securing a source of supply from streams that are not navigable, but it does expressly grant additional rights to such corporation to take real estate (land) for other specific purposes. The corporation here seeks to condemn the described real estate for statutory purposes and it does not seek to condemn water, as such, nor to divert water from a non-navigable stream.

We are not here concerned with the reasons which may have influenced the legislature to draft the statute in its present form and to specifically give such a corporation the right to take water from a non-navigable stream. We consider the statute as written.

We must and do hold that the statute in plain and unambiguous language grants to a corporation proposing to supply any city with water, as plaintiff corporation is doing and proposes to do, the right and authority "to acquire by condemnation sufficient *lands* upon which to build works for pumping, storage, distribution and management of water, upon complying with the proceedings * * * provided for." As we read the statute, such right is given regardless of the source of the water which the corporation proposes to furnish such city.

The provisions of paragraph 2 of Section 393.050 with reference to the assessment of damages for the appropriation and use of a stream, or the diversion of water therefrom, in no way conflict with nor contradict paragraph 1 of the same section, but rather tend to supplement the first paragraph in a case where there is in fact an appropriation of a stream, or the diversion of water therefrom, and not a mere appropriation of real estate for some of the uses and purposes expressly set forth in Section 393.030, as is sought in this case.

It follows, from what has been said, that the added allegations of the amended petition to the effect that "said lands will be used for the purpose of taking water from the earth beneath the lands and from underground streams" in no way tends to defeat the right of eminent domain for the statutory grounds stated in said petition. The added allegations do not, as respondents contend, state a use that is beyond the statutory authority to acquire "lands upon which to build works for the pumping, storage, distribution and management of water". Certainly the statute contemplates that water is to be pumped from some source and as we have held "such right is given regardless of the source of the water." If the source is on the land condemned for such works, the condemnor may pump, store and distribute it. The trial court erred in dismissing the amended petition on the ground stated in the order, to wit, "because said petition shows that plaintiff is not seeking to acquire by condemnation lands upon which to build works for the pumping, storage, distribution and management of water to be taken from a stream that is not navigable * * *."

Respondents, however, insist that the order of dismissal may be supported on other grounds set forth in the motions to dismiss, to wit: (1) "because relator is not entitled to maintain this action in the name of the State of Missouri"; (2) "because said petition fails to set forth the separate ownerships of the parcels of real estate sought to be condemned"; and (3) (as to respondent, Atchison, Topeka and Santa Fe Railway Company) because the court lacks jurisdiction over the property of said respondent in this proceeding because "this defendant long prior hereto acquired, and is now the owner and in possession of, land comprising a portion or portions of the area described in said condemnation petition as amended; that the property sought to be taken of this defendant is in connection with the existing trackage and line of railroad operated by this defendant, and has been acquired and retained and is necessary for such public purposes of this defendant; and that such public use on the part of this defendant, for which said land is needed as aforesaid, is not susceptible of being made subservient to the use or uses for which relator under the condemnation petition as amended proposes to acquire same." No evidence was heard on these additional assignments and no specific rulings were made with reference thereto.

Respondents cite no authority in support of their first contention, except Section 393.030, ¶ 2, supra, granting "such corporation" the right *to apply* to the circuit court. Appellant's only answer to the contention is that "The power of eminent domain is an inherent attribute of sovereignty to be exercised by such agencies, for such public purposes and in such manner as may be provided by law." (State ex rel. Lane v. Pankey, 359 Mo. 118, 221 S.W.2d 195, 196.) Appellant further says that, if the state is not a proper party to the action, its presence on the record as plaintiff, does not defeat the jurisdiction of the circuit court and the name of the state may be stricken as surplusage. Section 507.050 RSMo 1949, V.A.M.S.

We find no support for appellant's contention that the state is a proper party in this action. The Missouri Water Company, a corporation, is the real party in interest. Section 507.010 RSMo 1949, V.A.M.S. However, we find no support for respondents' position that the dismissal of the action with prejudice may be supported on the ground that the corporation has instituted the action in the name of the state and to the use of the corporation. While the corporation has designated itself as relator, rather than plaintiff, the facts upon which relief is sought are clearly stated. See Section 509.050 RSMo 1949, V.A.M.S. The corporation should have designated itself as plaintiff, but its failure to do so in the first instance was not ground for dismissal with prejudice. It is clear from the allegations of the petition that the corporation is the real party in interest. No one could be misled to his prejudice on account of the error in question. The record shows that the trial court referred to the corporation as "plaintiff and relator" and to the opposing parties as defendants, as they are designated in the petition. The fact that the corporation has designated itself as relator, rather than as plaintiff, is not fatal to the action. We must and do hold that the attempt of the corporation to maintain the action in the name of the state at the relation of the corporation was not sufficient ground for dismissal of the petition with prejudice.

In support of their contention that the trial court properly dismissed the amended petition with prejudice "because it fails to set forth the separate ownerships of the parcels of real estate relator seeks to condemn," respondents cite Sections 393.050 and 393.060; Union Electric Lt. & Power Co. v. Dawson, 228 Mo.App. 1224, 78 S.W.2d 867, and Union Depot Co. v. Frederick, 117 Mo. 138, 21 S.W. 1118, 1130, 26 S.W. 350. The authorities cited do not support respondents' position.

The amended petition on its face is not subject to the objection leveled against it and such is not ground for dismissal because, after a general description of the land sought to be condemned it is alleged "that said lands are further and more particularly described and set forth in separate tracts and parcels, and which in the aggregate comprise and compose the whole tract as above and previously described and set forth, *and such parts are claimed by or an interest asserted therein, by all of the defendants, and each of them, herein named.*" (Italics ours.) Since the petition alleges a joint interest of all the defendants in all of the lands described, there is no basis on the face of the petition for the contention that the petition was properly dismissed with prejudice because it failed to set forth the separate ownership of the separate parcels of real estate. Union Depot Co. v. Frederick, supra, 117 Mo. 138, 147, 21 S.W. 1118, 1130, 26 S.W. 350.

As to the third additional ground urged in support of the court's action, it is only necessary to say that there is nothing in the petition to indicate that any of the described real estate is subject to any public use or that it is now used for railroad purposes or used "in connection with the existing trackage and line of railroad that is now operated by" respondent Railway Company, nor is there anything in the record to show that, in view of the public use to which the property is now subjected, it is not susceptible of being made subservient to appellant's proposed use. No facts are stated in the amended petition which call for the application of Section 393.100 RSMo 1949, V.A.M.S., and no proof was offered by respondent Railway Company in support of the allegations of its motion to dismiss.

The dismissal of the amended petition with prejudice may not be supported on any of these additional grounds as now contended for by respondents.

The judgment is reversed and the cause remanded.

HOLLINGSWORTH, HYDE, WESTHUES, EAGER and STORCKMAN, JJ., and STONE, Special Judge, concur.